UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x

NEIL MINTZ,                                          :        CIVIL ACTION NO.

                              Plaintiff,             :

           - against-                                :

                                                     :        NOTICE OF REMOVAL

EMCOR GROUP, INC. and GOTHAM                         :
AIR CONDITIONING SERVICE, INC                        :

                              Defendant.             :

------------------------------------------------ x

Defendants, EMCOR Group, Inc. and Gotham Air Conditioning Service, Inc., through

their undersigned attorneys, respectfully notices this Court that:

1.      On May 4, 2005, the Plaintiff served a Summons and Verified Complaint on

EMCOR Group, Inc. in an action filed in the Supreme Court of the State of New York, County

of Queens, entitled *Neil Mintz v. Emcor Group, Inc. and Air Conditioning Service, Inc.*, Index

No. 9967/05 (the "State Action").   A copy of the Summons and Complaint are attached hereto

as Exhibit A.

2.      On May 9, 2005, the Plaintiff served a Summons and Verified Complaint on

Gotham Air Conditioning Services, Inc. ("Gotham") in the State Action.   A copy of the

Summons served on Gotham is attached hereto as Exhibit B.

3.      The Removing Defendant knows of no other pleadings or papers that have been

served or filed in the State Court Action other than the Summons and Complaint.

4.      This Notice is filed within the time prescribed by 28 U.S.C. § 1446(b), as

amended.   Thirty days have not elapsed since the service of the Summons and Complaint on

either Defendant.   Accordingly, defendant has filed this Notice of Removal "within 30 days after

the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

5.   The Complaint contains five cause of action:  (1) violation of overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *e. seq.*, (2) violation of overtime provisions of the New York State labor laws, (3) violation of "spread of hours" provisions of the New York State labor laws, (4) unjust enrichment, and (5) quantum meruit.

6.   Under 28 U.S.C. § 1331, the United States District Courts have original jurisdiction of all civil actions arising under the laws of the United States.  The present action contains a matter over which this Court has original jurisdiction and which shall be removable to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

7.   A copy of a Notice of Filing of Notice of Removal is annexed hereto as Exhibit C.  Promptly after filing this Notice, Removing Defendant will file a copy of the Notice of Filing of Notice of Removal with the Supreme Court of the State of New York, County of Queens and will serve that notice on plaintiff as required under 28 U.S.C. § 1446(d).

Dated: June 2, 2005

DRINKER BIDDLE & REATH, LLP

Jennifer Klear (JK7829)
140 Broadway, 39th Floor
New York, New York 10005-1116
(212) 248-3140

and

2

Gerald S. Hartman (GSH-1096)
Alisa H. Reff (AHR-5107)
DRINKER BIDDLE & REATH, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C.  20005-1209
(202) 842-8800

Attorneys for Defendants EMCOR Group,
Inc. and Gotham Air Conditioning Service,
Inc.

# EXHIBIT A

05/10/2005 11:46 FAX  2038497830          EMCOR LEGAL                    ☑002/018

**State of New York – Department of State**
**Division of Corporations**

Party Served:                                    Plaintiff/Petitioner:
EMCOR GROUP, INC.                                MINTZ, NEIL


EMCOR GROUP, INC.
C/O GENERAL COUNSEL
301 MERRITT SEVEN
NORWALK,  CT 06851


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 05/04/2005 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                                 Very truly yours,
                                                 Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

NEIL MINTZ,                                           Index No.  9967/05

                            Plaintiff,

              -against-

EMCOR GROUP, INC. and GOTHAM AIR                     **SUMMONS**
CONDITIONING SERVICE, INC.,

                            Defendants.

TO THE ABOVE-NAMED DEFENDANTS:

          YOU ARE HEREBY SUMMONED to answer and respond to the Verified

Complaint in this action and to serve a copy of your response on Plaintiff's attorneys within 20

days after the service of this Summons, exclusive of the day of service (or within 30 days after

the service is complete if this summons is not personally delivered to you within the State of

New York); and in case of your failure to appear or answer, judgment will be taken against you

by default, for the relief demanded in the Verified Complaint.

                                        Respectfully submitted,

Dated: May 3, 2005                      MARCUS LAW FIRM LLC
       New York, New York               110 East 59th Street– 25th Floor
                                        New York, New York 10022
TO:    Emcor Group, Inc.                Tel. (212) 755-5757
       301 Merritt Seven, 6th Floor     Fax. (212) 755-4666
       Norwalk, CT 06851
                                        By: _____
       Gotham Air Conditioning              Michael Marcus
       Service, Inc.
       24-37 46th Street                ATTORNEYS FOR PLAINTIFF
       Long Island City, NY 11103       NEIL MINTZ

05/10/2005 11 46 FAX  2038497830          EMCOR LEGAL                          @004/018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

NEIL MINTZ,

Index No. _9967/05_

Plaintiff,

-against-

**VERIFIED COMPLAINT**

EMCOR GROUP, INC. and GOTHAM AIR
CONDITIONING SERVICE, INC.,

Defendants.

Plaintiff Neil Mintz ("Mr. Mintz" or "Plaintiff"), by his attorneys Marcus

Law Firm LLC, alleges, upon information and belief, the following:

## Preliminary Statement

1.    Plaintiff Neil Mintz brings this action for wage violations,

including Defendants' refusal to pay overtime wages and refusal to pay "spread of hours"

wages, unjust enrichment, and *quantum meruit* pursuant to the Fair Labor Standards Act

§§ 201 *et seq.* ("FLSA"), New York State Labor Law §§ 190 *et seq.*, and N.Y. COMP.

CODE R.& REGS., Title 12, §§ 142-2.2, 142-2.4 (New York State statutes and regulations

collectively referred to as "NYSLL").

2.    Defendants owe Mr. Mintz back wages for overtime work for

which he did not receive any straight pay or overtime premium pay and, for days on

which he worked over ten (10) hours in one shift, Defendants owe Mr. Mintz "spread of

hours" compensation.

05/10/2005 11:46 FAX  2038497830          EMCOR LEGAL                    ☑005/018

3.      The venue of this action is proper because a substantial portion of

the events or omissions giving rise to these claims occurred within the County of Queens,

which is where Mr. Mintz resides and where he worked for the above-captioned

Defendants.

## Parties

4.      Mr. Mintz is a resident of Queens County and was employed by

Defendant Gotham Air Conditioning Service, Inc. ("Gotham") from May 2000 through

September 29, 2004. Gotham provided Mr. Mintz the title of Salesperson.

5.      Defendant Gotham's principal place of business is 24-37 46th

Street, Long Island City, New York, 11103. Gotham is organized under the laws of the

State of Delaware, authorized to conduct business in the State of New York, and conducts

business in the State of New York.

6.      Defendant Gotham sells complete mechanical contracting services

including engineering, design, installation, and service of HVAC systems, and plumbing,

refrigeration, and building automation for commercial, institutional, and industrial

clients.

7.      At all times relevant to this action, Defendant Gotham was

engaged in commerce or an industry or activity affecting commerce within the meaning

of 29 U.S.C. § 203(b).

8.      Defendant Emcor Group, Inc. ("Emcor") is organized under the

laws of the State of Delaware, authorized to conduct business in the State of New York,

maintains its principal place of business in the State of Connecticut, and conducts business in the State of New York.

9.      Defendant Gotham is the wholly-owned subsidiary of Defendant Emcor. Defendant Emcor controls the actions, conduct, and policies of Defendant Gotham. Emcor publicly acknowledges and represents to the public and its employees that Gotham is "An Emcor Company." Emcor establishes Gotham's employment policies, including its policies regarding compliance with the FLSA and NYSLL. Gotham and Emcor are collectively referred to as Defendants and are both subject to the jurisdiction of this Court.

10.     At all times relevant to this action, Defendants were Mr. Mintz's employers within the meaning of the FLSA and NYSLL. Defendants had the power to hire and fire Mr. Mintz, control the terms and conditions of his employment, and determine the rate and method of compensation in exchange for Mr. Mintz's employment.

11.     Defendants are jointly and severally liable for their failure to pay Mr. Mintz overtime as required by state and federal labor laws.

### Factual History

12.     Defendant Gotham hired Mr. Mintz in May 2000 and Defendants Gotham and Emcor fired Mr. Mintz on September 29, 2004. At the time Defendants fired Mr. Mintz, he was 69 years old and held the title of Salesperson.

13.     Defendants fired Mr. Mintz without warning and without providing him with a reason for the termination.

3

14.    On the day he was fired, Gotham's President Frank Cooney offered Mr. Mintz less than $3,000 to waive all of Mr. Mintz's claims against Defendants, including the claims asserted herein. Mr. Mintz refused to waive his claims and rejected Defendants' offer. At the time, Mr. Mintz believed he was fired because of his advanced age.

15.    Throughout his employment by Defendants, Mr. Mintz was covered by the FLSA and NYSLL. Mr. Mintz did not qualify for the executive, administrative, professional or outside sales exemptions under the FLSA or NYSLL.

16.    While Defendants provided Mr. Mintz with the title of Salesperson, Mr. Mintz was not a salesperson in the traditional sense. Mr. Mintz was not paid commission for his duties. Essentially, Mr. Mintz worked in Gotham's Service and Installation Department and provided customer support, received and satisfied customer complaints, scheduled and monitored installations and repairs, received, reviewed and prepared proposals for jobs, obtained company approval for proposals, and performed clerical work (such as filing, completing forms, preparing routine reports, and pursuing collections).

17.    Mr. Mintz did not customarily and regularly direct the work of at least two or more full-time employees or their equivalent.

18.    Mr. Mintz did not have the authority to hire or fire other employees.

19.    Mr. Mintz was not a manager of Gotham's Service and Installation Department.

4

05/10/2005 '11:47 FAX   2038497830          EMCOR LEGAL                    ⧫008/018

20.     Mr. Mintz's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

21.     Mr. Mintz's primary duty was not the performance of "administrative work" as defined by the FLSA and NYSLL because Mr. Mintz's work involved primarily assisting in delivering Gotham's products and services.  That is, Mr. Mintz was not involved in areas of tax, finance, accounting, audit, insurance, personnel management, employee benefits, public relations, and similar administrative operations of Gotham's business.

22.     Mr. Mintz was an hourly worker, but Defendants paid him $975.00 per week even when Mr. Mintz worked more than forty (40) hours in any given work week or seven (7) day period.

23.     When Gotham hired Mr. Mintz it was on the understanding that Mr. Mintz would work thirty-five (35) hours per week with an hour for lunch each day. Accordingly, Mr. Mintz's hourly rate of pay was Twenty Eight Dollars ($28.00).  Mr. Mintz's overtime rate should have been Forty Two Dollars ($42.00) per hour for time and one-half.

24.     Defendants' payroll record keeping was not complete and accurate and, therefore, does not comply with the requirements of the FLSA and NYSLL. Defendants did not require Mr. Mintz to use a time card or any other method of accurately tracking his hours worked.  Defendants had no check-in or check-out procedure for Mr. Mintz.  Mr. Mintz arrived before the receptionist started her workday. Mr. Mintz was not required to check-in or check-out with the receptionist upon entering or leaving the office.  Defendants did not keep complete and accurate records of the hours

Mr. Mintz worked each day or the total hours he worked each work week. Defendants never told Mr. Mintz his regular hourly pay rate or his overtime hourly pay rate. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYSLL.

25.    In nearly all of the weeks he worked for Defendants, Mr. Mintz worked more than forty (40) hours a week without receiving any compensation for the hours he worked in excess of forty (40) hours in any given week. Mr. Mintz routinely worked forty five (45) hours per week, and in some weeks, even more.

26.    Mr. Mintz arrived, without exception, at Gotham's office every morning at 7:00 a.m. Mr. Mintz would typically discuss the previous and current day's assignments with Gotham's President Frank Cooney in Mr. Cooney's office and with the Service Manager in his office. These meetings would begin at 7:00 a.m. After the morning meeting concluded, Mr. Mintz proceeded to his cubicle where he commenced his day's work. Mr. Mintz's workday ended at 5:00 p.m. Mr. Mintz worked at least nine (9) hours each day and took one (1) additional hour for lunch. Therefore, Mr. Mintz routinely worked at least forty five (45) hours each week. Defendants did not compensate Mr. Mintz for any of the hours he worked in excess of 40 hours in any given week.

27.    During his two hundred twenty (220) weeks of employment (vacation subtracted), Mr. Mintz was not compensated for the five (5) additional hours he worked each week. Therefore, the total number of hours for which Mr. Mintz has not been compensated is one thousand one hundred (1100). At his overtime rate of $42.00

6

per hour, Defendant owes Mr. Mintz Forty Six Thousand Two Hundred Dollars ($46,200).

28.     Defendants also failed to compensate Mr. Mintz for all hours worked in other areas that required him to work more than forty (40) hours per week. For example, approximately every two and one half (2.5) weeks Mr. Mintz and other employees were required to remain at work after 5:00 p.m. to participate in a company-mandated meeting. These meetings typically lasted more than one (1) hour and sometimes as much as two (2) hours and thirty (30) minutes per meeting and, on average, lasted two (2) hours. Mr. Mintz was not compensated for attending these company-mandated meetings. Mr. Mintz attended not less than eighty (80) company-mandated meetings after 5:00 p.m. Therefore, at his overtime rate of Forty Two Dollars $42.00 per hour, Defendant owes Mr. Mintz Six Thousand Seven Hundred Twenty Dollars ($6,720).

29.     Each day, Mr. Mintz spent time outside of Gotham's office performing work for the Defendants. For example, on a daily basis, Mr. Mintz ordered, picked up, and delivered lunch for Defendants' executives located in Queens. Mr. Mintz routinely advanced the funds for the cost of these lunches. Defendants reimbursed Mr. Mintz with a weekly expense check. Mr. Mintz also performed other tasks and administrative duties outside the office. For example, he frequently delivered packages and mail to the post-office and retrieved postage stamps and other mailing essentials. Mr. Mintz also performed banking duties on behalf of the company outside of its office.

30.     Additionally, Mr. Mintz never received "spread of hours" compensation for the days on which he worked over ten (10) hours, which occurred at

7

least once every two and one half (2.5) weeks.  As a result, Defendants owe Mr. Mintz

Four Hundred Twelve Dollars ($412).

     31.    In sum, during his employment Mr. Mintz was not compensated

for all of the hours he worked.  Mr. Mintz regularly worked in excess of forty (40) hours

in a work week and did not receive any pay for this overtime worked, let alone the

overtime premium pay for all work hours in excess of forty (40) hours in a work week.

Finally, Mr. Mintz did not receive "spread of hours" compensation for those days on

which he worked in excess of ten (10) hours consecutively.

     32.    At no time during the course of his employment did Mr. Mintz

ever observe on Defendants' premises any posted notice regarding employees' rights

under the FLSA or NYSLL.

### FIRST CAUSE OF ACTION
#### (Violation of Overtime Provisions of the FLSA)

     33.    Plaintiff repeats and realleges each and every allegation made in

paragraphs 1 through 32 of this Verified Complaint.

     34.    Although Mr. Mintz worked over forty (40) hours in a work week,

Defendants did not pay him for the hours he worked in excess of forty (40) hours in a

work week or the statutorily-mandated overtime premium pay for all the hours worked in

excess of forty (40) hours in a work week in violation of 29 U.S.C. § 201 *et seq.*

     35.    Mr. Mintz is entitled to one and one-half of his regular rate of pay

of Twenty Eight Dollars ($28.00) per hour, or Forty Two Dollars ($42.00) per hour for all

hours worked in excess of forty (40) hours in a work week under the FLSA, as amended,

29 U.S.C. §§ 201 *et seq.*

36.     Defendants failure to pay Mr. Mintz's premium overtime wages was willful within the meaning of 29 U.S.C. § 255(a). Defendants refused Mr. Mintz's request for such wages. In addition to his overtime premium pay, Mr. Mintz is entitled to liquidated damages equal to one hundred (100) percent of the total of such underpayments found due to him.

37.     Mr. Mintz has been damaged in an amount to be determined at trial but in no event less than One Hundred Five Thousand Eight Hundred Forty Dollars ($105,840) including liquidated damages.

## SECOND CAUSE OF ACTION
### (Violation of Overtime Provisions of the NYS Labor Laws)

38.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 37 of this Verified Complaint.

39.     Although Mr. Mintz worked over forty (40) hours in a work week, Defendants did not pay him for the hours he worked in excess of forty (40) hours in a work week or the statutorily-mandated overtime premium pay for all the hours worked in excess of forty (40) hours in a work week in violation of NYSLL.

40.     Mr. Mintz is entitled to one and one-half of his regular rate of pay of Twenty Eight Dollars ($28.00) per hour, or Forty Two Dollars ($42.00) per hour for all hours worked in excess of forty (40) hours in a work week under the NYSLL.

41.     Defendants failure to pay Mr. Mintz's premium overtime wages was willful within the meaning of NYSLL §§ 198, 663. Defendants refused Mr. Mintz's request for such wages. In addition to his overtime premium pay, Mr. Mintz is entitled to

9

05/10/2005 11 47 FAX  2038497830          EMCOR LEGAL                    ☒013/018

liquidated damages equal to twenty-five (25%) percent of the total of such underpayments found due to him.

    42.    Mr. Mintz has been damaged in an amount to be determined at trial but in no event less than Sixty Six Thousand One Hundred Fifty Dollars ($66,150) including liquidated damages.

### THIRD CAUSE OF ACTION
**(Violation of "Spread of Hours" Provisions of the NYS Labor Laws)**

    43.    Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 42 of this Verified Complaint.

    44.    Defendants failed to pay Mr. Mintz an additional hour's pay at the minimum wage rate of Five Dollars and Fifteen Cents ($5.15) for each day on which Mr. Mintz worked in excess of ten (10) hours in violation of N.Y. COMP. CODE R.& REGS., Title 12, § 142-2.4.

    45.    Defendants' failure to pay Mr. Mintz an additional hour's pay for each day Mr. Mintz worked in excess of ten (10) hours was willful within the meaning of New York State Labor Law § 663.

    46.    Mr. Mintz has been damaged in an amount to be determined at trial but in no event less than Four Hundred Twelve Dollars ($412).

### FOURTH CAUSE OF ACTION
**(Unjust Enrichment)**

    47.    Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 46 of this Verified Complaint.

48.     Defendants received labor from Mr. Mintz, for which he anticipated he would have been properly compensated.

49.     Defendants knowing of Mr. Mintz's reasonable intentions to be compensated in wages and benefits for the labor he was providing to Defendants failed to pay or otherwise provide to Mr. Mintz such compensation, and Defendants were unjustly enriched thereby.

50.     As a result of Defendants unjust enrichment, Mr. Mintz is entitled to monetary damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (Quantum Meruit)

51.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 50 of this Verified Complaint.

52.     Defendants accepted Mr. Mintz's services and did not provide Mr. Mintz the reasonable value of his services.

53.     As a result of Defendants' failure to provide Mr. Mintz with the reasonable value of his services, he seeks and is entitled to receive from Defendants an amount in damages to be determined at trial as measured by the compensation promised by Defendants and required by law.

### RELIEF SOUGHT

WHEREFORE, Plaintiff Neal Mintz respectfully requests that this Court grant the following relief against Defendants, jointly and severally:

1.     Declaring that Defendants have violated the wage and overtime pay provisions of the FLSA and NYSLL, as to Mr. Mintz;

11

05/10/2005 11:47 FAX  2038497830          EMCOR LEGAL                    ☑015/018

2.      Declaring that Defendants' violations of the FLSA and NYSLL were willful;

3.      Awarding to Mr. Mintz against Defendants damages for Defendants' violations of the FLSA in an amount to be determined at trial but in no event less than Fifty Two Thousand Nine Hundred Twenty Dollars ($52,920) for the hours Mr. Mintz worked in excess of forty (40), an additional Fifty Two Thousand Nine Hundred Twenty Dollars ($52,920) for the statutorily permitted liquidated damages (*i.e.*, double the compensation owed), and attorney's fees as permitted by federal statute.

4.      Awarding to Mr. Mintz against Defendants damages for Defendants' violations of the NYSLL in an amount to be determined at trial but in no event less than Fifty Two Thousand Nine Hundred Twenty Dollars ($52,920) for the hours Mr. Mintz worked in excess of forty (40), an additional Thirteen Thousand Two Hundred thirty Dollars for the statutorily permitted liquidated damages equal to twenty five (25%) percent of the total amount of wages found due, and attorney's fees as permitted by state statute.

5.      Awarding to Mr. Mintz against Defendants damages for Defendants' violations of the NYSLL in an amount to be determined at trial but in no event less than Four Hundred Twelve Dollars ($412) for the days on which Mr. Mintz worked in excess of ten (10) hours.

6.      Awarding an amount to be determined at trial for Defendants' unjust enrichment at Mr. Mintz's expense;

7.      Awarding an amount to be determined at trial equal to the value of Mr. Mintz's services which Defendants' received, but for which they never paid him;

8.      Awarding Mr. Mintz pre-judgment interest at the statutory rate of nine (9) percent from May 2000;

9.      Awarding Mr. Mintz the costs of this action together with reasonable attorneys' fees as permitted by state and federal statutes; and

10.     Granting such other and further relief as this Court deems necessary and proper.

05/10/2005 11:48 FAX   2038497830          EMCOR LEGAL                              ☑016/018

Dated: New York, New York
        May 3, 2005

MARCUS LAW FIRM LLC

By: _____
        Michael Marcus
110 East 59th Street, 25th Fl.
New York, New York 10022
(212) 755-5757

**ATTORNEYS FOR PLAINTIFF
NEIL MINTZ**

13

05/10/2005 11:48 FAX  2038497830          EMCOR LEGAL                              ☑017/018

| STATE OF NEW YORK | ) | |
|---|---|---|
| | ) | **Attorney** |
| | ) SS: | **Verification** |
| | ) | |
| COUNTY OF NEW YORK | ) | |

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the Petitioners in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true.  The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices.  The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

DATED: May 3, 2005
      New York, New York 10022

———————————————
      Michael Marcus

05/10/2005 11:48 FAX 2038497830          EMCOR LEGAL                    ☑ 018/018

---

Index No. 9967/05   Year 20
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

NEIL MINTZ,

                                            Plaintiff,

        -and-

EMCOR GROUP, INC., and GOTHAM AIR
CONDITIONING SERVICE, INC.,

                                            Defendant.

---

SUMMONS AND VERIFIED COMPLAINT

---

Attorney for Plaintiff
Marcus Law Firm LLC
Office and Post Office Address
110 East 59th Street, 25 Fl.
NEW YORK, NY 10022
(212) 753-5757

To:

Attorney(s) for

Service of a copy of the within                    is hereby admitted

Dated,

Attorney(s) for

---

Pursuant to 22 NYCRR 130-1.1, the Undersigned
certifies that, upon information and belief and reasonable inquiry,
the contentions contained in the annexed documents
are not frivolous.

Dated                              Signature

---

NOTICE OF ENTRY

Sir — Please take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on
                                    20

Dated,

                              Yours, etc.

Attorneys for

Office and Post Office Address
110 East 59th Street, 25 Fl.
NEW YORK, NY 10022
(212) 753-5757

To:

Attorney(s) for

---

NOTICE OF SETTLEMENT

Sir — Please take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named court, at

on                    20
at                    M.

Dated,

                              Yours, etc.

Attorneys for

Office and Post Office Address
110 East 59th Street, 25 Fl.
NEW YORK, NY 10022
(212) 753-5757

To:

Attorney(s) for

# EXHIBIT B

05/16/2005 11 08 FAX  2038497830          EMCOR LEGAL                    ☑002/018



**CORPORATION SERVICE COMPANY'**

|  | GIR / ALL |
|---|---|
| | Transmittal Number: 3988293 |

## Notice of Service of Process

Date Processed: 05/09/2005

| Primary Contact: | Marianne B Sileo |
|---|---|
| | Emcor Group, Inc. |
| | 301 Merritt Seven |
| | Floor 6TH |
| | Norwalk, CT 06851 |

| Copy of transmittal only sent to: | Johnna Spera |
|---|---|

| Entity: | Gotham Air Conditioning Service, Inc. |
|---|---|
| | Entity ID Number 2110712 |
| Entity Served: | Gotham Air Conditioning Service, Inc. |
| Title of Action: | Neil Mintz vs. Emcor Group, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court: | Queens County, Supreme Court , New York |
| Case Number: | 9967/05 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 05/09/2005 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Secretary Of State |
| How Served: | Certified Mail |
| Plaintiff's Attorney : | Michael Marcus |
| | 212-755-5757 |

**Notes:**     Served upon the Sec. of State on 05/04/05

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It
does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC.**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com



05/16/2005 11 08 FAX  2038497830          EMCOR LEGAL                     ☑003/018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____

NEIL MINTZ,                                              Index No. *9967/05*

                              Plaintiff,

              -against-

EMCOR GROUP, INC. and GOTHAM AIR                        **SUMMONS**
CONDITIONING SERVICE, INC.,

                              Defendants.
_____

TO THE ABOVE-NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer and respond to the Verified

Complaint in this action and to serve a copy of your response on Plaintiff's attorneys within 20

days after the service of this Summons, exclusive of the day of service (or within 30 days after

the service is complete if this summons is not personally delivered to you within the State of

New York); and in case of your failure to appear or answer, judgment will be taken against you

by default, for the relief demanded in the Verified Complaint.


                                        Respectfully submitted,

Dated: May 3, 2005                      MARCUS LAW FIRM LLC
       New York, New York               110 East 59th Street– 25th Floor
                                        New York, New York 10022
TO:    Emcor Group, Inc.                Tel. (212) 755-5757
       301 Merritt Seven, 6th Floor     Fax. (212) 755-4666
       Norwalk, CT 06851
                                        By: _____
       Gotham Air Conditioning               Michael Marcus
       Service, Inc.
       24-37 46th Street                ATTORNEYS FOR PLAINTIFF
       Long Island City, NY 11103       NEIL MINTZ

05/16/2005 11:08 FAX  2038497830        EMCOR LEGAL                    ☑004/018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

NEIL MINTZ,                                         Index No. 9967/05

                      Plaintiff,

    -against-                                 **VERIFIED COMPLAINT**

EMCOR GROUP, INC. and GOTHAM AIR
CONDITIONING SERVICE, INC.,

                      Defendants.

       Plaintiff Neil Mintz ("Mr. Mintz" or "Plaintiff"), by his attorneys Marcus

Law Firm LLC, alleges, upon information and belief, the following:


                  **Preliminary Statement**

    1.    Plaintiff Neil Mintz brings this action for wage violations,

including Defendants' refusal to pay overtime wages and refusal to pay "spread of hours"

wages, unjust enrichment, and *quantum meruit* pursuant to the Fair Labor Standards Act

§§ 201 *et seq.* ("FLSA"), New York State Labor Law §§ 190 *et seq.*, and N.Y. COMP.

CODE R.& REGS., Title 12, §§ 142-2.2, 142-2.4 (New York State statutes and regulations

collectively referred to as "NYSLL").

    2.    Defendants owe Mr. Mintz back wages for overtime work for

which he did not receive any straight pay or overtime premium pay and, for days on

which he worked over ten (10) hours in one shift, Defendants owe Mr. Mintz "spread of

hours" compensation.

3.     The venue of this action is proper because a substantial portion of the events or omissions giving rise to these claims occurred within the County of Queens, which is where Mr. Mintz resides and where he worked for the above-captioned Defendants.

**Parties**

4.     Mr. Mintz is a resident of Queens County and was employed by Defendant Gotham Air Conditioning Service, Inc. ("Gotham") from May 2000 through September 29, 2004. Gotham provided Mr. Mintz the title of Salesperson.

5.     Defendant Gotham's principal place of business is 24-37 46th Street, Long Island City, New York, 11103. Gotham is organized under the laws of the State of Delaware, authorized to conduct business in the State of New York, and conducts business in the State of New York.

6.     Defendant Gotham sells complete mechanical contracting services including engineering, design, installation, and service of HVAC systems, and plumbing, refrigeration, and building automation for commercial, institutional, and industrial clients.

7.     At all times relevant to this action, Defendant Gotham was engaged in commerce or an industry or activity affecting commerce within the meaning of 29 U.S.C. § 203(b).

8.     Defendant Emcor Group, Inc. ("Emcor") is organized under the laws of the State of Delaware, authorized to conduct business in the State of New York,

2

05/16/2005 11:09 FAX 2038497830          EMCOR LEGAL                    ☒006/018

maintains its principal place of business in the State of Connecticut, and conducts business in the State of New York.

9.    Defendant Gotham is the wholly-owned subsidiary of Defendant Emcor. Defendant Emcor controls the actions, conduct, and policies of Defendant Gotham. Emcor publicly acknowledges and represents to the public and its employees that Gotham is "An Emcor Company." Emcor establishes Gotham's employment policies, including its policies regarding compliance with the FLSA and NYSLL. Gotham and Emcor are collectively referred to as Defendants and are both subject to the jurisdiction of this Court.

10.   At all times relevant to this action, Defendants were Mr. Mintz's employers within the meaning of the FLSA and NYSLL. Defendants had the power to hire and fire Mr. Mintz, control the terms and conditions of his employment, and determine the rate and method of compensation in exchange for Mr. Mintz's employment.

11.   Defendants are jointly and severally liable for their failure to pay Mr. Mintz overtime as required by state and federal labor laws.

**Factual History**

12.   Defendant Gotham hired Mr. Mintz in May 2000 and Defendants Gotham and Emcor fired Mr. Mintz on September 29, 2004. At the time Defendants fired Mr. Mintz, he was 69 years old and held the title of Salesperson.

13.   Defendants fired Mr. Mintz without warning and without providing him with a reason for the termination.

3

14.     On the day he was fired, Gotham's President Frank Cooney offered Mr. Mintz less than $3,000 to waive all of Mr. Mintz's claims against Defendants, including the claims asserted herein.  Mr. Mintz refused to waive his claims and rejected Defendants' offer.  At the time, Mr. Mintz believed he was fired because of his advanced age.

15.     Throughout his employment by Defendants, Mr. Mintz was covered by the FLSA and NYSLL.  Mr. Mintz did not qualify for the executive, administrative, professional or outside sales exemptions under the FLSA or NYSLL.

16.     While Defendants provided Mr. Mintz with the title of Salesperson, Mr. Mintz was not a salesperson in the traditional sense.  Mr. Mintz was not paid commission for his duties.  Essentially, Mr. Mintz worked in Gotham's Service and Installation Department and provided customer support, received and satisfied customer complaints, scheduled and monitored installations and repairs, received, reviewed and prepared proposals for jobs, obtained company approval for proposals, and performed clerical work (such as filing, completing forms, preparing routine reports, and pursuing collections).

17.     Mr. Mintz did not customarily and regularly direct the work of at least two or more full-time employees or their equivalent.

18.     Mr. Mintz did not have the authority to hire or fire other employees.

19.     Mr. Mintz was not a manager of Gotham's Service and Installation Department.

4

20.    Mr. Mintz's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

21.    Mr. Mintz's primary duty was not the performance of "administrative work" as defined by the FLSA and NYSLL because Mr. Mintz's work involved primarily assisting in delivering Gotham's products and services. That is, Mr. Mintz was not involved in areas of tax, finance, accounting, audit, insurance, personnel management, employee benefits, public relations, and similar administrative operations of Gotham's business.

22.    Mr. Mintz was an hourly worker, but Defendants paid him $975.00 per week even when Mr. Mintz worked more than forty (40) hours in any given work week or seven (7) day period.

23.    When Gotham hired Mr. Mintz it was on the understanding that Mr. Mintz would work thirty-five (35) hours per week with an hour for lunch each day. Accordingly, Mr. Mintz's hourly rate of pay was Twenty Eight Dollars ($28.00). Mr. Mintz's overtime rate should have been Forty Two Dollars ($42.00) per hour for time and one-half.

24.    Defendants' payroll record keeping was not complete and accurate and, therefore, does not comply with the requirements of the FLSA and NYSLL. Defendants did not require Mr. Mintz to use a time card or any other method of accurately tracking his hours worked. Defendants had no check-in or check-out procedure for Mr. Mintz. Mr. Mintz arrived before the receptionist started her workday. Mr. Mintz was not required to check-in or check-out with the receptionist upon entering or leaving the office. Defendants did not keep complete and accurate records of the hours

Mr. Mintz worked each day or the total hours he worked each work week. Defendants never told Mr. Mintz his regular hourly pay rate or his overtime hourly pay rate. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYSLL.

25.    In nearly all of the weeks he worked for Defendants, Mr. Mintz worked more than forty (40) hours a week without receiving any compensation for the hours he worked in excess of forty (40) hours in any given week. Mr. Mintz routinely worked forty five (45) hours per week, and in some weeks, even more.

26.    Mr. Mintz arrived, without exception, at Gotham's office every morning at 7:00 a.m. Mr. Mintz would typically discuss the previous and current day's assignments with Gotham's President Frank Cooney in Mr. Cooney's office and with the Service Manager in his office. These meetings would begin at 7:00 a.m. After the morning meeting concluded, Mr. Mintz proceeded to his cubicle where he commenced his day's work. Mr. Mintz's workday ended at 5:00 p.m. Mr. Mintz worked at least nine (9) hours each day and took one (1) additional hour for lunch. Therefore, Mr. Mintz routinely worked at least forty five (45) hours each week. Defendants did not compensate Mr. Mintz for any of the hours he worked in excess of 40 hours in any given week.

27.    During his two hundred twenty (220) weeks of employment (vacation subtracted), Mr. Mintz was not compensated for the five (5) additional hours he worked each week. Therefore, the total number of hours for which Mr. Mintz has not been compensated is one thousand one hundred (1100). At his overtime rate of $42.00

per hour, Defendant owes Mr. Mintz Forty Six Thousand Two Hundred Dollars ($46,200).

      28.     Defendants also failed to compensate Mr. Mintz for all hours worked in other areas that required him to work more than forty (40) hours per week. For example, approximately every two and one half (2.5) weeks Mr. Mintz and other employees were required to remain at work after 5:00 p.m. to participate in a company-mandated meeting. These meetings typically lasted more than one (1) hour and sometimes as much as two (2) hours and thirty (30) minutes per meeting and, on average, lasted two (2) hours. Mr. Mintz was not compensated for attending these company-mandated meetings. Mr. Mintz attended not less than eighty (80) company-mandated meetings after 5:00 p.m. Therefore, at his overtime rate of Forty Two Dollars $42.00 per hour, Defendant owes Mr. Mintz Six Thousand Seven Hundred Twenty Dollars ($6,720).

      29.     Each day, Mr. Mintz spent time outside of Gotham's office performing work for the Defendants. For example, on a daily basis, Mr. Mintz ordered, picked up, and delivered lunch for Defendants' executives located in Queens. Mr. Mintz routinely advanced the funds for the cost of these lunches. Defendants reimbursed Mr. Mintz with a weekly expense check. Mr. Mintz also performed other tasks and administrative duties outside the office. For example, he frequently delivered packages and mail to the post-office and retrieved postage stamps and other mailing essentials. Mr. Mintz also performed banking duties on behalf of the company outside of its office.

      30.     Additionally, Mr. Mintz never received "spread of hours" compensation for the days on which he worked over ten (10) hours, which occurred at

05/18/2005 11:09 FAX   2038497830          EMCOR LEGAL                               ☑011/018

least once every two and one half (2.5) weeks.  As a result, Defendants owe Mr. Mintz

Four Hundred Twelve Dollars ($412).

      31.    In sum, during his employment Mr. Mintz was not compensated

for all of the hours he worked.  Mr. Mintz regularly worked in excess of forty (40) hours

in a work week and did not receive any pay for this overtime worked, let alone the

overtime premium pay for all work hours in excess of forty (40) hours in a work week.

Finally, Mr. Mintz did not receive "spread of hours" compensation for those days on

which he worked in excess of ten (10) hours consecutively.

      32.    At no time during the course of his employment did Mr. Mintz

ever observe on Defendants' premises any posted notice regarding employees' rights

under the FLSA or NYSLL.


### FIRST CAUSE OF ACTION
#### (Violation of Overtime Provisions of the FLSA)

      33.    Plaintiff repeats and realleges each and every allegation made in

paragraphs 1 through 32 of this Verified Complaint.

      34.    Although Mr. Mintz worked over forty (40) hours in a work week,

Defendants did not pay him for the hours he worked in excess of forty (40) hours in a

work week or the statutorily-mandated overtime premium pay for all the hours worked in

excess of forty (40) hours in a work week in violation of 29 U.S.C. § 201 et seq.

      35.    Mr. Mintz is entitled to one and one-half of his regular rate of pay

of Twenty Eight Dollars ($28.00) per hour, or Forty Two Dollars ($42.00) per hour for all

hours worked in excess of forty (40) hours in a work week under the FLSA, as amended,

29 U.S.C. §§ 201 et seq.

36.     Defendants failure to pay Mr. Mintz's premium overtime wages was willful within the meaning of 29 U.S.C. § 255(a). Defendants refused Mr. Mintz's request for such wages. In addition to his overtime premium pay, Mr. Mintz is entitled to liquidated damages equal to one hundred (100) percent of the total of such underpayments found due to him.

37.     Mr. Mintz has been damaged in an amount to be determined at trial but in no event less than One Hundred Five Thousand Eight Hundred Forty Dollars ($105,840) including liquidated damages.

## SECOND CAUSE OF ACTION
### (Violation of Overtime Provisions of the NYS Labor Laws)

38.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 37 of this Verified Complaint.

39.     Although Mr. Mintz worked over forty (40) hours in a work week, Defendants did not pay him for the hours he worked in excess of forty (40) hours in a work week or the statutorily-mandated overtime premium pay for all the hours worked in excess of forty (40) hours in a work week in violation of NYSLL.

40.     Mr. Mintz is entitled to one and one-half of his regular rate of pay of Twenty Eight Dollars ($28.00) per hour, or Forty Two Dollars ($42.00) per hour for all hours worked in excess of forty (40) hours in a work week under the NYSLL.

41.     Defendants failure to pay Mr. Mintz's premium overtime wages was willful within the meaning of NYSLL §§ 198, 663. Defendants refused Mr. Mintz's request for such wages. In addition to his overtime premium pay, Mr. Mintz is entitled to

liquidated damages equal to twenty-five (25%) percent of the total of such underpayments found due to him.

42.   Mr. Mintz has been damaged in an amount to be determined at trial but in no event less than Sixty Six Thousand One Hundred Fifty Dollars ($66,150) including liquidated damages.

## THIRD CAUSE OF ACTION
### (Violation of "Spread of Hours" Provisions of the NYS Labor Laws)

43.   Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 42 of this Verified Complaint.

44.   Defendants failed to pay Mr. Mintz an additional hour's pay at the minimum wage rate of Five Dollars and Fifteen Cents ($5.15) for each day on which Mr. Mintz worked in excess of ten (10) hours in violation of N.Y. COMP. CODE R.& REGS., Title 12, § 142-2.4.

45.   Defendants' failure to pay Mr. Mintz an additional hour's pay for each day Mr. Mintz worked in excess of ten (10) hours was willful within the meaning of New York State Labor Law § 663.

46.   Mr. Mintz has been damaged in an amount to be determined at trial but in no event less than Four Hundred Twelve Dollars ($412).

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

47.   Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 46 of this Verified Complaint.

48.    Defendants received labor from Mr. Mintz, for which he anticipated he would have been properly compensated.

49.    Defendants knowing of Mr. Mintz's reasonable intentions to be compensated in wages and benefits for the labor he was providing to Defendants failed to pay or otherwise provide to Mr. Mintz such compensation, and Defendants were unjustly enriched thereby.

50.    As a result of Defendants unjust enrichment, Mr. Mintz is entitled to monetary damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
**(Quantum Meruit)**

51.    Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 50 of this Verified Complaint.

52.    Defendants accepted Mr. Mintz's services and did not provide Mr. Mintz the reasonable value of his services.

53.    As a result of Defendants' failure to provide Mr. Mintz with the reasonable value of his services, he seeks and is entitled to receive from Defendants an amount in damages to be determined at trial as measured by the compensation promised by Defendants and required by law.

### RELIEF SOUGHT

WHEREFORE, Plaintiff Neal Mintz respectfully requests that this Court grant the following relief against Defendants, jointly and severally:

1.    Declaring that Defendants have violated the wage and overtime pay provisions of the FLSA and NYSLL, as to Mr. Mintz;

11

2.   Declaring that Defendants' violations of the FLSA and NYSLL were willful;

3.   Awarding to Mr. Mintz against Defendants damages for Defendants' violations of the FLSA in an amount to be determined at trial but in no event less than Fifty Two Thousand Nine Hundred Twenty Dollars ($52,920) for the hours Mr. Mintz worked in excess of forty (40), an additional Fifty Two Thousand Nine Hundred Twenty Dollars ($52,920) for the statutorily permitted liquidated damages (*i.e.*, double the compensation owed), and attorney's fees as permitted by federal statute.

4.   Awarding to Mr. Mintz against Defendants damages for Defendants' violations of the NYSLL in an amount to be determined at trial but in no event less than Fifty Two Thousand Nine Hundred Twenty Dollars ($52,920) for the hours Mr. Mintz worked in excess of forty (40), an additional Thirteen Thousand Two Hundred thirty Dollars for the statutorily permitted liquidated damages equal to twenty five (25%) percent of the total amount of wages found due, and attorney's fees as permitted by state statute.

5.   Awarding to Mr. Mintz against Defendants damages for Defendants' violations of the NYSLL in an amount to be determined at trial but in no event less than Four Hundred Twelve Dollars ($412) for the days on which Mr. Mintz worked in excess of ten (10) hours.

6.   Awarding an amount to be determined at trial for Defendants' unjust enrichment at Mr. Mintz's expense;

7.   Awarding an amount to be determined at trial equal to the value of Mr. Mintz's services which Defendants' received, but for which they never paid him;

8.   Awarding Mr. Mintz pre-judgment interest at the statutory rate of nine (9) percent from May 2000;

9.   Awarding Mr. Mintz the costs of this action together with reasonable attorneys' fees as permitted by state and federal statutes; and

10.  Granting such other and further relief as this Court deems necessary and proper.

12

05/16/2005 11:10 FAX  2038497830          EMCOR LEGAL                    ☑016/018

Dated: New York, New York
      May 3, 2005

**MARCUS LAW FIRM LLC**

By: _____
        Michael Marcus
110 East 59th Street, 25th Fl.
New York, New York 10022
(212) 755-5757

**ATTORNEYS FOR PLAINTIFF**
**NEIL MINTZ**

13

| | | | |
|---|---|---|---|
| STATE OF NEW YORK | ) | | |
| | ) | | **Attorney** |
| | ) SS: | | **Verification** |
| | ) | | |
| COUNTY OF NEW YORK | ) | | |

    I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the Petitioners in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

DATED: May 3, 2005
      New York, New York 10022

 

—————————————————
          Michael Marcus

05/16/2005 11:10 FAX   2038497830          EMCOR LEGAL                    ☑ 018/018

Index No. 9967/05   Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

NEIL MINTZ,

Plaintiff,

-and-

EMCOR GROUP, INC. and GOTHAM AIR
CONDITIONING SERVICE, INC.,

Defendants.

SUMMONS AND VERIFIED COMPLAINT

Attorney for
**Plaintiff**
*Office and Post Office Address*
**Marcus Law Firm LLC**
110 East 59th Street, 25 Fl.
NEW YORK, NY 10022
(212) 735-5757

To:

Attorney(s) for

Service of a copy of the within _____ is hereby admitted

Dated,

To:

Attorney(s) for

Pursuant to 22 NYCRR 130-1.1, the Undersigned
certifies that, upon information and belief and reasonable inquiry,
the contentions contained in the annexed documents
are not frivolous.

Dated: _____        Signature: _____

---

NOTICE OF ENTRY

Sir: — Please take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on                    20

Dated,

Yours, etc.,

*Attorney for*
*Office and Post Office Address*
110 East 59th Street, 25 Fl.
NEW YORK, NY 10022
(212) 735-5757

To:

Attorney(s) for

NOTICE OF SETTLEMENT

Sir: — Please take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named court, at
on                20
at            M.
Dated,

Yours, etc.,

*Attorney for*
*Office and Post Office Address*
110 East 59th Street, 25 Fl.
NEW YORK, NY 10022
(212) 735-5757

To:

Attorney(s) for

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------- x
NEIL MINTZ,                                        :
                                                   :    INDEX NO. 9967/05
                        Plaintiff,                 :
                                                   :
        - against -                                :
                                                   :
                                                   :         **NOTICE OF FILING**
EMCOR GROUP, INC. and GOTHAM                       :       **OF NOTICE OF REMOVAL**
AIR CONDITIONING SERVICE, INC                      :
                                                   :
                        Defendant.                 :
-------------------------------------------------- x

        PLEASE TAKE NOTICE that on June 2, 2005 defendants Emcor Group, Inc. and

Gotham Air Conditioning Service, Inc. noticed removal of this action to the United States

District Court for the Southern District of New York by filing a Notice of Removal in that Court.

A copy of the Notice of Removal is annexed hereto.  Accordingly, pursuant to 28 U.S.C. §

1446(d), this Court may proceed no further in this action, unless and until the case is remanded.

Dated: New York, New York
        June 3, 2005

                        DRINKER BIDDLE & REATH LLP


                        By: _____
                            Jennifer A. Klear
                            140 Broadway, 39th Floor
                            New York, NY 10005
                            (212) 248-3140

                        and

                        Gerald S. Hartman
                        Alisa H. Reff
                        DRINKER BIDDLE & REATH, LLP
                        1500 K Street, N.W., Suite 1100
                        Washington, D.C.  20005-1209
                        (202) 842-8800
                        Attorneys for Defendants EMCOR Group, Inc.
                        and Gotham Air Conditioning Service, Inc.

TO:   MARCUS LAW FIRM LLP
      Attorneys for Plaintiff
      Michael Marcus
      110 East 59th Street,
      25th Floor
      New York, New York 10022
      (212) 755-5757

SFNY1 103468v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

NEIL MINTZ,

                   Plaintiff,

       - against-

EMCOR GROUP, INC. and GOTHAM
AIR CONDITIONING SERVICE, INC

               Defendant.

------------------------------------------------------- x

CIVIL ACTION NO.

**AFFIDAVIT OF
SERVICE**

STATE OF NEW YORK    )
                       ) ss:
COUNTY OF NEW YORK  )

     DANIEL GADZANKU, being duly sworn, deposes and says:

     1. I am over the age of eighteen years, and am not a party to this action.

     2. On the 2nd day of June 2005, I served the forgoing Civil Cover Sheet, Notice

of Removal, and Rule 7.1 upon Michael Marcus, attorney for Plaintiff at MARCUS LAW

FIRM LLP, located at 110 East 59th Street, 25th Floor, New York, New York 10022 that

being his last known address by depositing a copy in a postpaid properly addressed

wrapper in an official depository under the exclusive care and custody of the U.S. Post

Office within the State of New York.

                                           _____
                                           Daniel Gadzanku

Sworn to before me this
2nd day of June, 2005

_____
NOTARY PUBLIC

        **GERTRUDE SOFMAN**
     Notary Public, State of New York
         No. 01SO6092095
      Qualified in New York County
    Commission Expires May 12, 2007

SFNY1 103448v1